**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-6637

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

KEVIN FORDE, a/k/a Miami Kev,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Mark S. Davis, Chief District Judge.  (4:11-cr-00089-MSD-DEM-3; 4:18-cv-00156-MSD-DEM)

Submitted: July 18, 2019                               Decided: July 23, 2019

Before WILKINSON, AGEE, and THACKER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Kevin Forde, Appellant Pro Se.  Aidan Taft Grano, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Forde seeks to appeal the district court's order dismissing his Fed. R. Civ. P. 60(b) motion as a successive 28 U.S.C. § 2255 (2012) motion and its subsequent order denying his self-styled Fed. R. Civ. P. 59(e) motion.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than 60 days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court's order dismissing Forde's Rule 60(b) motion was entered on the docket on December 18, 2018. The notice of appeal was filed on March 18, 2019.[*] Although a timely filed Rule 59(e) motion tolls the appeal period, Forde's self-styled Rule 59(e) motion was not filed until January 24, 2019. "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Thus, the appeal period for the order dismissing Forde's Rule 60(b) motion was not tolled and expired on February 18, 2019. Because Forde failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss

---

[*] For the purpose of this appeal, we assume that the date appearing on the document is the earliest date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).

the appeal of the district court's order dismissing his Rule 60(b) motion as a successive § 2255 motion.

The district court's order denying Forde's self-styled Rule 59(e) motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have independently reviewed the record and conclude that Forde has not made the requisite showing. Accordingly, we deny a certificate of appealability, deny leave to proceed in forma pauperis, and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*